UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION


JIMMIE WILSON, ET AL.                                                                         PLAINTIFFS

VS.                              CASE NO.  2:06CV00169

MIKE HUCKABEE, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OR THE STATE OF
ARKANSAS AND A MEMVER OF THE STATE BOARD OF
APPORTIONMENT                                                                                  DEFENDANTS

ORDER

Pending before the Court are plaintiffs' Petition for Declaratory Relief; Writ of Mandamus; Temporary and Permanent Injunctive Relief and All Other Necessary Relief, defendants' Motion to Dismiss, and the respective responses.  For the reasons stated below, defendants' Motion to Dismiss is granted.

Plaintiffs, African-Americans, contend that the October 11, 2001 apportionment plan ("the Plan") for the electoral districts for Arkansas' 100 Representatives and 35 Senators which is based upon the 2000 census dilutes their voting rights in violation of 42 U.S.C.  § 1981, § 1982,  § 1983, the Voting Rights Act, and the Fourteenth and Fifteenth Amendments of the United States Constitution.  As relief, plaintiffs request that the Court declare the Plan unconstitutional and in violation of the 1965 Federal Voting Rights Act, order the state defendants to submit a constitutional Plan which will halt the purchasing of  votes in the majority-minority districts, order special elections for state legislative offices, order an investigation into allegations of voter fraud, declare that the present election in Phillips County

for State House Seat 13 fraudulent, and find that certain statewide and local candidates have violated the 1965 Voting Rights Act through fraud.

Defendants raise the affirmative defenses of laches and applicable statute of limitations. Defendants also contend that plaintiffs have failed to state a constitutional violation or a claim under § 1981, § 1982 and § 1983, failed to name the proper parties, and failed to satisfy the three preconditions to a § 2 claim under the Voting Rights Act.

Under 28 U.S.C. § 2284 a three-judge district court is to be convened either when required by an Act of Congress, or "when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." A single district court judge can "determine that three judges are not required" if the district court finds that the constitutional attack is insubstantial. *See* 28 U.S.C. § 2284(b)(1); *Goosby v. Osser*, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973)(convening of three-judge district court not required when constitutional attack is insubstantial.)

Plaintiff contends that the Plan dilutes their votes because (1) African-American voters are selling their votes; (2) African-American candidates are not willing to run for office; (3) the African-American elected in Senate District 5 lives too far from Phillips County; (4) Phillips County, Arkansas is divided among three House of Representative seats and three Senate seats.

Here, the constitutional attack on the redistricting is insubstantial. All of the newly created Senate and House of Representatives districts, except one, have an African-American

majority of voters.[1]  In addition, the relief sought by plaintiffs is for the Court to require the state to redraw the Senate and House Districts in a manner which would guarantee the elections of African-American candidates.  This relief is unavailable under the Voting Rights Act.

Finally, plaintiffs own allegations are that the African-American voters in Phillips County are not politically cohesive.  *See Thornberg v. Gingles*, 478 U.S. 30, 49-50, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986) (preconditions to a voter dilution claim under the Voting Rights Act require that: (1) the minority group is large enough and geographically compact enough that it would be a majority in a single-member district; (2) the minority group is politically cohesive in the sense that its members vote in a similar fashion; and (3) the white majority votes sufficiently as a bloc to enable it, in the absence of special circumstances, to usually defeat the minority's preferred candidate.); *Clay v. Bd. of Educ.*, 90 F.3d 1357, 1362 (8th Cir.1996)(failure to establish all three *Gingles* preconditions defeats a § 2 claim).

Plaintiffs charges of voter fraud are serious in nature.  However, plaintiffs have sued the wrong persons for claims that some white politicians in Phillips County buy votes from African-Americans, that some African-American citizens of Phillips County buy votes from African-American voters for white candidates, and that some Phillips County African-American citizens sell their votes.  These claims are to be brought by a federal prosecutor pursuant to 42 U.S.C. § 1973i (the enforcement provision of the Voting Rights Act) against the persons actually buying or selling votes.

Plaintiffs have failed to state § 1981 and § 1982 claims against defendants because a

---

[1] Granted these majorities are not "super majorities", but plaintiffs have not pled that they had a "super majority" in the previously drawn districts.

federal action to enforce rights under § 1981 and § 1982 against a state actor may only be brought pursuant to § 1983.  *See Artis v. Francis Howell North Bank Booster Ass'n Inc.,* 161 F.3d 1178, 1181 (8th Cir. 1998)(citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) ( § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."); *Rogers v. Helena-West Helena School Dist.*, 2006 WL 2850437 (E.D. Ark. 2006) (§ 1982 claims against state actors are brought by way of § 1983).

Plaintiff's § 1983 claims that the 2001 Plan violates the 14th and 15th Amendments, § 1981, and § 1983 are barred by the applicable statute of limitations.  *See Birmingham v. Omaha School Dist.*, 220 F.3d 850, 856 (8th Cir. 2000) (three-year statute of limitations for § 1983 civil rights actions).   Plaintiffs contend that there is no statute of limitations for their claims.  Under the Voting Rights Act, the Court agrees that such claims are not barred by any applicable statute of limitations.  However, the Court cannot agree that § 1983 claims can be brought without reference to any statute of limitations.

The Motion to Dismiss is granted (#5).

IT IS SO ORDERED THIS 17   day of  November , 2006.

_____
James M. Moody
United States District Judge